## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW MEXICO

GABRIEL NOSSEIR and MOSTAFA
NOSSEIR Ph.D.,

          Plaintiffs,

    v.

MIKE POMPEO, U.S. Secretary of State;
U.S. DEPARTMENT OF STATE, an Agency
of the United States; WILLIAM P. BARR,
U.S. Attorney General; CHRISTOPHER
WRAY, Director of FBI; FEDERAL
BUREAU OF INVESTIGATIONS, an
Agency of the United States; THE UNITED
STATES OF AMERICA

          Defendants.

Case No.: 19-CV-557

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1.      Plaintiffs, Gabriel Nosseir and Mostafa Nosseir, respectfully submit this complaint to compel Defendants and those acting under them to take all appropriate action to complete issuance of Plaintiff Mostafa Nosseir's visa without further delay.  Plaintiff Gabriel Nosseir filed a visa petition on behalf of his father, Plaintiff Mostafa Nosseir on June 8, 2015. This petition was approved on February 8, 2016.  Plaintiff Mostafa Nosseir properly filed a visa application in 2016 with the predecessor to Defendant Pompeo and Defendant U.S. Department of State.  He was interviewed by Defendants on September 19, 2016.   Following the interview, he was placed in "administrative processing" for almost three years.  Since then there has been no decision by Defendants.  Plaintiffs' application remains within the jurisdiction of Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of Plaintiffs.

1

## JURISDICTION AND VENUE

2.   This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

3.   Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires the Department of State to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). The Department of State is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency).  When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

4.   As set forth below, the delay in processing the Plaintiffs' properly filed visa application is unreasonable.

5.      Venue is proper in the District of New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C).  Plaintiffs sue the Defendants in their official capacities as officers and employees of the United States. Plaintiff Gabriel Nosseir resides within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.   No exhaustion requirements apply to the Plaintiffs' complaint for a Writ of Mandamus.  The Plaintiff is owed a duty – the issuance of a visa for which he has been petitioned.  Defendants have unreasonably delayed  and failed to adjudicate the Plaintiffs' application for almost three years.  Plaintiff has  no  other  adequate  remedy available for the harm  he seeks  to  redress –  the  failure  of  Defendants to issue his visa.  Plaintiffs have made numerous inquiries and they have received no decision or results.

## PARTIES

7.   Plaintiff Gabriel Nosseir is citizen of the United States.  He filed an I-130 visa petition on behalf of his father, Plaintiff Mostafa Nosseir in 2015.

8.   Plaintiff Mostafa Nosseir, Ph.D. is a citizen of Brazil.  He has been awaiting visa issuance on the above referenced petition since September 2016.  Dr. Nosseir is 76 years old and has no family left in Brazil.  His only child, Plaintiff Gabriel Nosseir lives in Albuquerque with his family.  It is Dr. Nosseir's wish to live out his final years near his son and his family in Albuquerque.

9.   Defendant Mike Pompeo is the Secretary of State, and as such is charged by statute regarding visa issuance to aliens.  He is sued in his official capacity only.

10. United States Department of State is an agency of the United States in charge of issuing immigrant visas such as Plaintiff Mostafa Nosseir has applied for.

11. Defendant William P. Barr is the Attorney General of the United States.  He is in charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for applicants for immigration benefits.  He is sued in his official capacity only.

12. Defendant Christopher Wray is the Director of the FBI.  He is the head of the agency in charge of conducting background checks for applicants for immigration benefits.  He is sued in his official capacity only.

13. Defendant FBI is an agency of the United States in charge of conducting background checks for applicants for immigration benefits.

14. Defendants are in charge of the processing and adjudication of applications and related background checks for immigrant visa issuance.

## LEGAL FRAMEWORK

15. United States citizens can petition for their foreign national parents to become lawful permanent residents (LPR).  8 U.S.C. § 1151(b)(2)(A)(i); 8 U.S.C. § 1154(a)(1)(A)(i).

16. After an investigation of the facts, if the facts are true, the Secretary of Homeland Security shall approve the petition and forward a copy to the Department of State.  8 U.S.C. § 1154(b).

17. The Department of State, in turn, interviews the foreign national parent at a U.S. consulate post abroad.

18. The Department of State fingerprints applicants and transmits those fingerprints electronically to the FBI in order to conduct background checks.  The background checks are typically instantaneous as the vast majority of immigrant visa applicants are issued visas within 2-5 days of being fingerprinted.

19. Upon conclusion of the above steps, the Department of State issues an immigrant visa, which can then be used by the foreign national parent to be admitted to the United States as an LPR.

## FACTUAL AND PROCEDURAL BACKGROUND

20. Plaintiff Gabriel Nosseir filed an I-130 visa petition on June 8, 2015 on behalf of his father Mostafa Nosseir.

21. This visa petition was approved on February 8, 2016.  Exhibit 1.

22. Plaintiff Mostafa Nosseir filed his visa application in early 2016 with the National Visa Center, an office of the U.S. Department of State that processed immigrant visa applications.

23. Plaintiff Mostafa Nosseir was notified on August 8, 2016 that his immigrant visa interview was scheduled for September 19, 2016 in Rio de Janeiro, Brazil.  Exhibit 2, interview notice.

24. At the time of his interview, Plaintiff Mostafa Nosseir was verbally informed his visa was being approved.

25. Plaintiff Mostafa Nosseir was later informed that he was being placed in administrative processing and a visa could not be issued.  Plaintiffs consistently followed up with the U.S. consulate in Rio de Janeiro.  Every single time they have received form responses. Exhibit 3.

26. Despite repeated inquires to the consular post, there has been no decision or visa issuance by the consular post.  Plaintiff Mostafa Nosseir appears to remain in an administrative processing blackhole with no reasons given for the delay.

27. Plaintiff has suffered prejudice from the delay in this process because he is not free to enter the United States as petitioned for.  Furthermore, as a result of this delay, his visitor's visa which he has used many times to come visit the United States was taken away from him as part of this process and he is unable to even visit his family.

## CAUSES OF ACTION

## COUNT ONE

## DECLARATORY JUDGMENT

28. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

29. Defendants in this case have failed to issue a visa for years. This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs.  Therefore, issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the Administrative Procedures Act is warranted.

## COUNT TWO

## VIOLATION OF 5 U.S.C. §§ 702, 704,706 (APA CLAIMS)

30. The allegations contained in paragraphs 1 through 26 above are repeated and re-alleged as though fully set forth herein.

31. Plaintiff has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action or inaction. 5 U.S.C. & 702.  Plaintiff is aggrieved by agency action or inaction for which there is no other adequate remedy in court.  5 U.S.C. § 704.

32. The action or inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).  The delays are a violation of the APA which mandates that a decision be made in a timely manner.

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

33. The allegations contained in paragraphs 1 through 26 above are repeated and re-alleged as though fully set forth herein.

34. Plaintiff has a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiffs.  Defendants have failed to issue a visa when all requirements have been complied with.

35. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu v. Novak*, 509 F. Supp. 2d 1 (D.D.C. 2007) (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)).  The Plaintiff clearly meets all three of these criteria.

36. The Plaintiffs have fully complied with all of the statutory and regulatory requirements for seeking an immigrant visa, including submission of all necessary forms and supporting documents.

37. Defendants have unreasonably failed to adjudicate the Plaintiffs' application for a visa for almost 3 years, thereby depriving the Plaintiffs of their rights. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

38. The Defendants owe the Plaintiff a duty to adjudicate his visa application, pursuant to law, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v.*

*U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation).

39. The Plaintiff has no alternative means to obtain adjudication of his visa application and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784.

40. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited more than 3 years since he made his visa application. This is an unacceptable and unreasonable delay.

41. The Plaintiff is entitled to action on his long-pending visa application, because an unreasonable amount of time has passed since his application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

42. The doctrine of consular non-reviewability is inapplicable here. *See Kerry v. Din*, 576 U.S. ___, 135 S.Ct. 2128, 192 L.Ed.2d 183 (2015). The doctrine generally bars review of the substance of a decision. In this case, Plaintiffs are not seeking review of a denial of an immigrant visa. They are simply asking the Court to compel Defendants to act. This does not fall under the doctrine of consular non-reviewability.

43. Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

**PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays that the Court grant the following relief:

A.  Assume jurisdiction over the matter;

B.  Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the visa applications and any related background checks is unlawful and contrary to law.

C.  Order Defendants and those working under them to immediately adjudicate the pending application for an immigrant visa.

D.  Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

E.  Grant any and all further relief this Court deems just and proper.

Dated this 14th day of June 2019.


/s/ Olsi Vrapi.

Olsi Vrapi
Attorney for Plaintiffs
Noble & Vrapi, P.A.
5931 Jefferson St.. NE, Suite A
Albuquerque, NM 87109
Phone:  (505) 352-6660
Fax:  (505) 872-6120
olsi@noblelawfirm.com